IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BRYAN K. ADAMS,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Civil Action No. 5:23-cv-00548 |
| | § | |
| **SELECT ENERGY SERVICES, INC.** | § | |
| **d/b/a TIDAL LOGISTICS,** | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

NOW COMES Defendant Select Energy Services, Inc. ("Select" or "Defendant") through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, files this its Notice of Removal ("Notice of Removal") of the lawsuit captioned *Bryan K. Adams vs. Select Energy Services, Inc.*; Cause No. 2023CI00601; In the 166th Judicial District Court of Bexar County, Texas.

### I.
### BACKGROUND

1. On January 10, 2023, Plaintiff Bryan K. Adams ("Plaintiff") initiated the present action by filing his Plaintiff's Original Petition and Jury Demand (the "Petition") in the 166th Judicial District Court of Bexar County, Texas, captioned under Cause No. 2023CI00601 (the "State Court Action"). *See* Ex. "A" (Pl. Orig. Pet.).

2. On March 14, 2023, Plaintiff filed his First Amended Original Petition and Jury Demand (the "Amended Petition") in the State Court Action. *See* Ex. "B" (Pl. 1st Am. Orig. Pet.).

3. On April 4, 2023, Defendant received service of citation for the State Court Action and a copy of the Amended Petition. *See* Ex. "C" (a copy of all process, pleadings, and orders served upon Defendant in the State Court Action); *see also* 28 U.S.C. § 1446(a).

4. On April 27, 2023, Defendant appeared and answered the State Court Action, filing its Defendant's Original Answer, a copy of which is attached hereto as Exhibit "D".

5. Pursuant to 28 USC §§ 1446(b)(1), this Notice of Removal is timely filed within 30 days of Defendant's receipt of a copy of Plaintiff's pleading in the State Court Action. *Id.* § 1446(b)(1).

6. Pursuant to 28 USC §§ 1446(b)(2), Defendant is the only named defendant in the State Court Action and therefore no other defendant must consent to removal of the State Court Action.

## II.
## JURISDICTION

**A.    Federal Question Jurisdiction.**

7. In his Amended Petition, Plaintiff alleges that Defendant "violated 42 USC Section 1981" and asserts that "Title 42, United States Code, Section 1981 establishes an independent cause of action against private, non-governmental actors like Select for discrimination and retaliation on the basis of opposing race discrimination." Ex. "B" ¶¶ 7, 11 (Pl. 1st Am. Orig. Pet.). Plaintiff therefore alleges an action arising under the laws of the United States and removal of such action is proper. *See* 28 U.S.C. §§ 1331, 1441(c); *see also Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 989 (5th Cir. 1988) ("[T]he assertion of a claim under a federal statute 'alone is sufficient to empower the District Court to assume jurisdiction over the case") (quoting *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348 (5th Cir. 1985)).

**B.      Supplemental Jurisdiction.**

8.      In his Amended Petition, Plaintiff also alleges that Defendant made "defamatory statements". Ex. "B" ¶¶ 10 (Pl. 1st Am. Orig. Pet.). To the extent that Plaintiff asserts a separate cognizable claim against Defendant for such "defamatory statements", the Court is authorized to exercise supplemental jurisdiction over such claims as they "form part of the same case or controversy". *See* 28 U.S.C. § 1367(a). As noted by the Supreme Court, "Section 1367(a) is a broad grant of supplement jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allpattah Servs., Inc.,* 545 U.S. 546, 558 (2005).

### III.
### VENUE

9.      Pursuant to 28 U.S.C. § 1441(a), the State Court Action is pending in Bexar County, Texas and therefore this Notice of Removal is filed in the Western District of Texas, San Antonio Division. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 124(d)(4).

### IV.
### NOTICE

10.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 166th Judicial District Court of Bexar County, Texas.

### V.
### CONCLUSION

11.     WHEREFORE, PREMISES CONSIDERED, Defendant removes the State Court Action to this Court pursuant to the statutes and authorities cited and prays for all other and further relief to which it may be entitled at law or in equity.

Dated: April 28, 2023.

        Respectfully submitted,

        **BROWN PRUITT WAMBSGANSS DEAN FORMAN & MOORE, P.C.**

        */s/ Kyle Voss*
        Michael J. Moore, Texas Bar No. 24039068
        E-Service: mmoore@brownpruitt.com
        Kyle Voss, Texas Bar No. 24093310
        E-Service: kvoss@brownpruitt.com
        201 Main Street, Ste. 700
        Fort Worth, TX 76102
        Tel: (817) 338-4888
        Fax: (817) 338-0700

        **ATTORNEYS FOR DEFENDANT**

## Certificate of Service

The undersigned attorney of record hereby certifies that a true and correct copy of the foregoing document has been served on Plaintiff's counsel via e-service to dennislrichardlaw@gmail.com on this the 28th day of April, 2023.

        */s/ Kyle Voss*
        Kyle Voss